JAMES D. ROBINSON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 61179. Promulgated March 24, 1933.

*Sidney J. Hayles, Esq.,* for the petitioner.
*W. Frank Gibbs, Esq.,* for the respondent.

OPINION.

TRAMMELL: This is a proceeding for the redetermination of a deficiency in income tax for 1929 in the amount of $8,753.61. The question involved is whether the petitioner received an ordinary dividend in the taxable year as the result of the corporation, of which he was a stockholder, purchasing a portion of a stock dividend theretofore issued.

The petitioner is an individual, residing in Atlanta, Georgia.

On January 15, 1929, the petitioner was the owner of 5,300 shares of common stock of the Coca-Cola Company, a Delaware corpora-

tion. On January 15, 1929, the Coca-Cola Company declared a dividend on its common stock payable in Class "A" stock, share for share. At the same time of issuance, the Coca-Cola Company advised its common stockholders, one of whom was this petitioner, that the company was willing to purchase 20 per cent of this dividend stock at $50 a share at any time prior to March 16, 1929.

The written offer sent to this petitioner was as follows:

THE COCA-COLA COMPANY
(Organized under the laws of the State of Delaware, 1919)

CERTIFICATE OF PURCHASE
CLASS "A" STOCK

THE COCA-COLA COMPANY will, upon the presentation and surrender of this certificate, and upon the transfer of —— shares or any part thereof, of the Class "A" Stock of this Corporation, properly endorsed to the Coca-Cola Company, and the payment of all transfer or any other charges or taxes thereon or in connection therewith, at the Trust Company of Georgia, Atlanta, Georgia, or the Guaranty Trust Company, New York City, during regular business hours, at any time prior to the close of business on Saturday, March 16, 1929, but not thereafter, purchase from the bearer hereof, said shares at Fifty ($50.00) Dollars per share. Fractional shares will not be purchased.

HARRISON JONES
*President,*
*Vice-President.*

J. C. WEEKLEY,
*Secretary,*
*Assistant-Secretary.*

In accordance with this offer petitioner transferred to the Coca-Cola Company 1,060 shares of Class "A" stock, and received therefor $50 per share. The petitioner endorsed his certificates, placing regular transfer stamps thereon and delivered to the Coca-Cola Company, this latter company placing this stock in the treasury of the Coca-Cola Company, as indicated in the financial reports of the company for the years 1929 and 1930.

The Coca-Cola Class "A" stock is listed on the New York Stock Exchange, and an active market has existed for it at all times. None of this Coca-Cola Class "A" stock was retired by the Coca-Cola Company during the years 1929, 1930 and 1931.

The company had one million shares of Class "A" stock. Five million dollars was set aside from the surplus account and assigned to Class "A" stock which had been distributed as a stock dividend. The petitioner in his return treated the transaction in which he surrendered 1,060 shares of his Class "A" stock to the Coca-Cola Company as a sale. The Commissioner in his deficiency notice treated the transaction as the equivalent of a taxable dividend.

In our opinion the reacquisition of the stock issued as a stock dividend is so closely connected and related to the issuance of the dividend as a part of a single plan as to constitute the money paid out to the stockholders in this connection the equivalent of

a taxable dividend, provided the terms of section 115 (g) of the Revenue Act of 1928, providing for cancellation or redemption of stock, are broad enough to include the transaction which took place here. Section 115 (f) of that act provides that "a stock dividend shall not be subject to tax," but subsection (g) of this section provides:

> If a corporation cancels or redeems its stock (whether or not such stock was issued as a stock dividend) at such time and in such manner as to make the distribution and cancellation or redemption in whole or in part essentially equivalent to the distribution of a taxable dividend, the amount so distributed in redemption or cancellation of the stock, to the extent that it represents a distribution of earnings or profits accumulated after February 28, 1913, shall be treated as a taxable dividend. * * *

The question here is, Did the corporation cancel or redeem this stock issued as a stock dividend at such time and in such manner as to make the distribution and cancellation or redemption essentially equivalent to the distribution of a taxable dividend? It is clear that the stock was not canceled. The only question left is, Was the stock issued as a stock dividend redeemed within the meaning of the statute when it was reacquired by the corporation by the payment out of its earned surplus? In other words, Is the language, "cancellation or redemption," sufficiently broad to include the reacquisition of stock which is not retired but kept as an asset in the treasury of the corporation?

With reference to section 201 (f) of the Revenue Act of 1926, the Committee on Ways and Means stated as follows:

> It has been contended that under existing law a corporation, especially one which has only a few stockholders, might be able to make a distribution to its stockholders which would have the same effect as a taxable dividend. For example: Assume that two men hold practically all the stock in a corporation, for which each had paid $50,000 in cash, and the corporation had accumulated a surplus of $50,000 above its cash capital. It is claimed that under existing law the corporation could buy from the stockholders, for cash, one-half of the stock held by them and cancel it without making the stockholders subject to any tax. Yet this action, in all essentials, would be the equivalent of a distribution through cash dividends of the earned surplus. The amendment proposed to this subdivision is intended to make clear that such a transaction is taxable.

The Committee report refers to the purchase and cancellation of stock as being the equivalent of a cash dividend. The question is, Does the purchase of the stock have the same effect? It is clear that the stock was reacquired by the corporation out of its earned surplus and if the surplus had been distributed direct to the stockholders it unquestionably would have been taxable as ordinary dividends.

The statute clearly contemplated a difference between "cancels" and "redeems." The use of the words "cancel" and "redeem" carries the idea that it is not necessary that stock be canceled if it is

redeemed—that stock may be redeemed without being canceled. The word " cancel " has a different meaning from the word " redeem."

Webster's New International Dictionary defines the word "redeem " as, " To regain possession of by payment of a stipulated price; to repurchase. (2) To recover or regain, as pledged or mortgaged property * * *. (3) To buy off, take up, or remove the obligation of, by payment or rendering of some consideration."  ·

The word " redemption " has its origin in the Latin words " re " and " emers " and means to repurchase or to regain possession by payment of a stipulated price. *Murphy* v. *Caselman,* 139 N. W. 802 (N. D.) ; *Maxwell* v. *Foster,* 45 S. E. 929; *Pace* v. *Bartles,* 20 Atl. 352 (N. J.) ; *Miller* v. *Ratterman,* 24 N. E. 496 (Ohio). Considering the word " redeem " in the light of the above definitions, the corporation involved here redeemed the stock from the petitioner. It acquired it back or repurchased it. The statute does not refer to " retirement " of stock. If the statute had used the expression " cancels or retires " the stock there would be another question. But the contention of the petitioner is that " redeems " or " redemption " means " retires " or " retirement." We do not think the statute should be so limited. This view is consistent with the theory of the statute. The object of the statute was to avoid the distribution of corporate earnings to stockholders by means of distributing stock dividends or the issuance of stock and taking surplus from the corporation to replace those stock dividends or such stock issued. If an actual physical cancellation or retirement of stock were contemplated, the real object of the legislation would not be accomplished. In our opinion the redemption of stock declared as a stock dividend is accomplished by the repurchase of such stock by the corporation, and the purpose of the statutes can not be avoided by placing the stock in the corporation's treasury. We do not question the fact that a corporation may deal in its own stock by purchase and sale. See *S. A. Woods Machine Co.*, 21 B. T. A. 818. The record does not show, however, that the corporation was dealing in its own stock by purchase for sale, although the stock had a ready market. A purchase of stock, however, out of earned surplus, under the circumstances here presented, in our opinion, brings the case within section 115 (g) of the Revenue Act of 1928 and subjects the amounts so paid to tax as ordinary dividends.

While the record is silent as to whether there was a pro rata purchase of stock from all stockholders, conceding, for the sake of argument, that a pro rata purchase is necessary in order that a purchase may amount to " redemption," the petitioner could not secure an advantage by failing to introduce evidence. The Commissioner determined that there was a cancellation or redemption of stock

within the meaning of the statute. The burden was on the petitioner to show that there was not. This burden is not met by showing that the stock was not physically canceled or retired. If a purchase from one of many stockholders is not a redemption, then the petitioner should have shown that was the case. It might well have been a pro rata purchase from all stockholders. In view of the Commissioner's determination that the stock dividend was canceled or redeemed, if it be necessary for redemption that a purchase be pro rata as to all stockholders, the presumption is that is what occurred in the absence of evidence to the contrary. If the petitioner is relying on an isolated stock purchase or a purchase otherwise than pro rata, he should have shown it by evidence. In our opinion the petitioner has not shown that the stock was not redeemed. We, therefore, approve the Commissioner's determination that the stock was canceled or redeemed under such circumstances as to make the distribution and cancellation or redemption essentially the equivalent to a cash dividend.

*Judgment will be entered under Rule 50.*